IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL BLAINE ARDIZONE**                                                   **PETITIONER**

**VERSUS**                                                 **CIVIL ACTION NO. 5:23CV58-DCB-LGI**

**WARDEN HERBERT YOUNG**                                    **RESPONDENT**

## MOTION TO DISMISS

Respondent moves to dismiss Petitioner Michael Blane Ardizone's federal habeas petition.[1] In support, Respondent submits the following:

### I. Introduction

Ardizone filed his federal habeas petition under 28 U.S.C. § 2241 challenging his pretrial detention in Pike County, Mississippi. Docs. 1, 6. Ardizone states that he has been "held over 12 months awaiting indictment" on a charge of possession of less than 0.5 grams of a schedule II controlled substance. Doc. 1 at 1–2. But he argues two unexhausted grounds for relief and requests "that this Court assist [him] in obtaining [his] freedom immediately so [he] can return to [his] family." Doc. 1 at 6–7. Ardizone's

---

[1] Respondent files this Motion to Dismiss in accordance with this Court's Order (Doc. 8) and Rules 4 and 5 of the Rules Governing § 2254 Cases. In compliance with this Court's Order, Respondent has attached to this Motion "court documents relevant to the disposition of this cause[.]" Doc. 8. But as explained below, the Pike County Circuit Court has not yet indicted Ardizone on any charges, so Respondent is unable to file "full and complete transcripts of all proceedings in any state court of Mississippi arising from any charges that are responsible for [Ardizone]'s current detention." Doc. 8. Likewise, the Mississippi Supreme Court's docket, as available on that court's website, reflects that Ardizone has initiated no proceedings in that court. Respondent is thus unaware of any recorded proceedings on Ardizone's pending Pike County charges that are responsible for his current detention that have not yet been transcribed.

petition is thus subject to dismissal with prejudice for failure to state a cognizable claim for federal habeas relief or, alternatively, dismissal without prejudice as unexhausted.

## II.   Procedural History

**Arrest and Preliminary Proceedings**. On May 21, 2022, Ardizone was arrested in Pike County for possession of a schedule II controlled substance and was booked into the Pike County Jail. **Exhibit A** (Pike County Jail Arrest Info From Officer); **Exhibit B** (Booking Information). On May 22, 2022, Ardizone appeared before the Pike County Justice Court on the charge of possession of a schedule II controlled substance under Mississippi Code Annotated section 41-29-139(c), where the following "underlying facts and circumstances" were alleged:

> Michael Ardizone is the husband of Kelly Ardizone. They were living on the property of 1019 Deer Road, with Kelly living in the main residence and Michael living in a guest house. Kelly overdosed and died at around 0530–0712. Michael was not present but Vickie Lynn Drury, another resident, told deputies that she saw him with Kelly earlier the night before. Drury also told deputies that Michael was at the Camelia Inn Hotel in McComb. Deputies located Ardizone sitting on the sidewalk in front of the hotel. A black straw with a small bag containing approximately .5 grams of Chrystal Methamphetamine was inside the straw [and] was found in Michael's left front pocket.

**Exhibit C**. The justice court initially set Ardizone's bond at $50,000.00, but the court ultimately denied him bond because he was "very disrespectful in court" and sentenced him to "30 days for contempt." **Exhibit D** (Pike County Detention Center Justice Court Information dated May 22, 2022).

On June 7, 2022, Ardizone waived his preliminary hearing and was "bound over to GJ." **Exhibit E** (Pike County Detention Center Justice Court Information

2

dated June 7, 2022). The justice court set "bond [at] [$]20,000 with [an] address approved by court[, and] [$]100,000 surety with no address." **Exhibit E**. The justice court also identified Ardizone's defense attorney as John McNeil and noted that "once bond is approved by [the] court[,] [the] 30[-]day contempt can be lifted." **Exhibit E**.

An assistant district attorney (ADA) in the Pike County District Attorney's Office advised the undersigned that Ardizone has not yet been indicted on his charge for possession of a schedule II controlled substance. The ADA further advised the undersigned that the state crime lab has not completed its analysis of the substance recovered from Ardizone at his arrest but that the crime lab expected testing to be completed by the end of this month, September 2023. Accordingly, the ADA represented to the undersigned that, absent unforeseen circumstances, Ardizone's case would be presented to the next Pike County grand jury in November 2023.[2]

**Federal Habeas Proceeding**. In his federal habeas petition, Ardizone argues that he is "being denied [his] right to legal counsel" and his "right to a fast [and] speedy trial." Doc. 1 at 6. Aridzone states that he was arrested on May 21, 2022, had his initial appearance on May 22, 2022, and had a preliminary hearing on June 7, 2022. Doc. 6 at 1. He claims that "those were his only court dates, [he is] not on the court docket, and [he is] not indicted." Doc. 6 at 1, 2. Ardizone further claims that his "lawyer was not present at [his] preliminary hearing" and that he "was coerced into signing a 'waiver' of [his] preliminary hearing." Doc. 6 at 1. He also contends that he

---

[2] Respondent will supplement this Motion to Dismiss as Ardizone's state court proceedings progress.

"was told [he] was to be released directly after" his preliminary hearing, but "that never happened." Doc. 6 at 1. Ardizone states that his bond was initially set at $100,000.00, but it was recently reduced to $4,000.00. Doc. 6 at 1. He claims that he has "been unable to speak to a lawyer or file any motions and ha[s] been told [he] need[s] to pay for [his] own attorney." Doc. 6 at 2.

Ardizone attaches to his petition two Pike County Sheriff's Office Request Forms dated April 30, 2023 and May 5, 2023. Doc. 1 at 9–10. On the form dated April 30, 2023, Ardizone stated that, "since being incarcerated, [he] ha[s] not once had the opportunity to speak to [his] lawyer" or "received any form of legal correspondence from him/her or from the indigent defense office." Doc. 1 at 9. He stated that he was "being denied [his] right to legal counsel, as well as [his] right to a 'fast and speedy trial.'" Doc. 1 at 9. In a response dated May 3, 2023, Ardizone was advised that he would "receive coun[se]l once indicted" and arraigned, but if he "want[ed] [counsel] sooner, [he]'ll have to hire one." Doc. 1 at 9.

On the second form dated May 5, 2023, Ardizone again "request[ed] legal counsel" because "once incarcerated," he is "entitled to a lawyer." Doc. 1 at 10. He also asserted that he was "entitled to a fast and speedy trial." Doc. 1 at 10. In response, Ardizone was advised that he would "have to hire legal counsel if [he] [was] wanting to do this before indictment" but that "once indicted [he] w[ould] get legal counsel [at his first] court date." Doc. 1 at 10. Ardizone was further advised that he had a $20,000 bond "w[ith an] approved address" and that the "next G[rand] J[ury was scheduled to] meet[] [at the] end of May." Doc. 1 at 10.

4

In his request for relief, Ardizone asks "that this Court assist [him] in obtaining [his] freedom immediately[,] so [he] can return to [his] family." Doc. 1 at 7. He also requests that if his "method of receiving justice is incorrect that someone please find a way to point [him] … in the right direction." Doc. 1 at 7.

### III. Analysis

Ardizone raises unexhausted grounds for relief and requests "that this Court assist [him] in obtaining [his] freedom immediately[.]" Doc. 1 at 7.

Although Ardizone, as a pretrial detainee, has the right to seek federal habeas relief under 28 U.S.C. § 2241 on a claim for a *demand* for speedy trial, he must be "in custody," and he must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–89 (1973). But § 2241 relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* "[T]here [i]s an important distinction between a petitioner who seeks to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976). "This distinction [] turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second." *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be

5

met." *Id.* (citations omitted). Ardizone's petition is thus subject to dismissal for two reasons.

### A. This Court should dismiss Ardizone's petition with prejudice because his requested relief is not cognizable in this federal habeas proceeding.

Ardizone requests "that this Court assist [him] in obtaining [his] freedom immediately[,] so [he] can return to [his] family." Doc. 1 at 7. If this Court liberally construes Ardizone's requested relief as an attempt to dismiss his charges, *i.e.* "abort a state proceeding or to disrupt the orderly functioning of the state judicial processes," that request is not cognizable in this federal habeas proceeding. *See Braden*, 410 U.S. at 491. This Court should thus dismiss Ardizone's petition *with* prejudice.[3]

As stated, Ardizone cannot derail "a pending state proceeding by an attempt to litigate *constitutional* defenses prematurely in federal court." *Braden*, 410 U.S. at 493 (emphasis added). "[A] claim that indictments should be dismissed because of an already accomplished violation of a speedy trial right amounts to an attempt to assert 'an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'" *Brown*, 530 F.2d at 1283 (quoting *Braden*, 410 U.S. at 490). And "absent special circumstances," this Court cannot adjudicate the merits of Ardizone's "affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489.

---

[3] Even if this Court liberally construes Ardizone's requested relief to demand a speedy trial, he is still not entitled to relief because that claim is unexhausted, as is his lack-of-counsel claim, discussed below.

6

Although the Supreme Court has not specifically defined what constitutes "special circumstances," courts have explained that "special circumstances" are those which a "federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened." *McClure v. Washington County*, No. 4:21-CV-19-DMB-RP, 2022 WL 211252, at *3 (N.D. Miss. Jan. 24, 2022) (citing *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018); *Champer v. Florida*, No. 6:14-CV-1966, 2014 WL 7070079, at *2 (M.D. Fla. Dec. 15, 2014) (citing *Younger v. Harris*, 401 U.S. 37 (1971) for the proposition that "special circumstances" under § 2241 usually require a showing of "immediate and irreparable injury"))). "Three sets of circumstances typically qualify as 'special': (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *McClure*, 2022 WL 211252, at *3 (citing *Vassar-El,* 2018 WL 4462544, at *2); *see also Portis v. Sollie*, No. 3:20-CV-316-TSL-RPM, 2021 WL 908214, at *2–3 (S.D. Miss. Jan. 20, 2021), *report and recommendation adopted as modified,* 2021 WL 899079 (S.D. Miss. Mar. 9, 2021) (explaining these three circumstances and "assuming arguendo" that *Braden* did not "supplant[] the initial three-prong inquiry set forth in *Younger*"). And Ardizone "bears the burden of showing that an exception applies." *Portis*, 2021 WL 908214, at *3.

Ardizone has not met his burden to show that "special circumstances" warrant this Court's adjudication of his speedy-trial claim. As explained above, there is no evidence of bad faith in Ardizone's state criminal proceedings—the state crime lab is

expected to complete testing on the substance recovered from Ardizone at his arrest by the end of September, and Ardizone's case should be presented to the next Pike County grand jury in November 2023, absent unforeseen circumstances. Ardizone has also not affirmatively shown any irreparable injury. And despite assertions that Ardizone lacks counsel, the attached exhibit reflects that he has assigned pretrial counsel, as discussed above. **Exhibit E**. Notwithstanding, his complaints about his counsel "do[] not warrant federal intervention." *McClure*, 2022 WL 211252, at *3.

Importantly, Ardizone can "test the legality of [his] detention *prior to conviction*" by filing a writ of habeas corpus in state court. *Bateman v. State*, 267 So. 3d 793, 796–97 (Miss. Ct. App. 2018) (explaining that "the function of" a *pretrial* writ of habeas corpus "in Mississippi in criminal cases is to release a prisoner who is being unlawfully held or to grant [the prisoner] a bail bond which [the prisoner] can make"). He may also exhaust any potential constitutional claims in state court. *See* Miss. Code Ann. §§ 99-39-1, *et seq.* (providing avenues for *post-conviction* relief).

Ardizone has thus shown no "special circumstances" that warrant this Court's intervention, and his petition should be dismissed with prejudice for failure to state a cognizable claim for federal habeas relief. *See id.*; *see also, e.g.*, *Boylan v. Sollie*, No. 3:22-CV-423-TSL-MTP, 2023 WL 2386722, at *1–2 (S.D. Miss. Feb. 15, 2023), *report and recommendation adopted,* 2023 WL 2386716 (S.D. Miss. Mar. 6, 2023); *Reed v. Nash,* No. 3:19-CV-671-TSL-RHW, 2020 WL 2323064, at *1 (S.D. Miss. May 11, 2020); *McNeil v. Mason*, No. 3:19-CV-13-DPJ-FKB, 2020 WL 898513, at *1 (S.D. Miss. Jan. 29, 2020), *report and recommendation adopted,* 2020 WL 888052 (S.D. Miss. Feb.

24, 2020); *Houston v. Sollie*, No. 3:17-CV-1031-LG-RHW, 2018 WL 3203604 (S.D. Miss. May 29, 2018), *report and recommendation adopted,* 2018 WL 3188387 (S.D. Miss. June 28, 2018).

### B. Alternatively, this Court should dismiss Ardizone's petition without prejudice because his claims are unexhausted.

As stated above, Ardizone's claims are unexhausted. Doc. 1 at 6, 9, 12. His petition is thus, alternatively, subject to dismissal without prejudice.

As explained, Ardizone may seek federal habeas relief under 28 U.S.C. § 2241 on his claims, but he must be "in custody," and he must have exhausted all available state remedies. *Braden*, 410 U.S. at 488–89. To be sure, "[t]he exhaustion doctrine of 28 U.S.C. § 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing *Braden,* 410 U.S. at 490–91; *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981)) (other citations omitted). And this Court "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489–92; *Ex parte Royall,* 117 U.S. 241, 250–54 (1886); *Brown,* 530 F.2d at 1283) (other citations omitted).

As explained above, "the exhaustion hurdles must still be overcome" on Ardizone's claims. *Brown*, 530 F.2d at 1283; *see also Dickerson*, 816 F.2d at 225 (citations omitted). "[E]xhaustion means that the very issue which forms the basis for

relief in the federal courts has been raised in the state court." *Dickerson*, 816 F.2d at 228. While Ardizone has not yet been indicted on any charges and claims that his rights to a speedy trial and counsel have been violated, he has not exhausted any of his claims to the state's highest court. As explained above, he can both test the legality of his current detention and exhaust any constitutional claims in state court. *See Bateman*, 267 So. 3d at 796–97; Miss. Code Ann. §§ 99-39-1, *et seq*. This failure to exhaust, alternatively, warrants dismissal of Ardizone's petition without prejudice.

## IV.  Conclusion

Respondent thus requests that this Court dismiss Ardizone's petition with prejudice for failure to state a cognizable claim for federal habeas relief or, alternatively, without prejudice for failure to exhaust available state court remedies. Respondent further requests that this Court deny Ardizone a certificate of appealability to appeal to the Fifth Circuit and dispense with the need to file a brief in support of this Motion because it is self-explanatory.

THIS, the 11th day of September, 2023.

                                                    LYNN FITCH
                                                   Attorney General of Mississippi

BY:   /s/ *Erin E. Rutherford*
        ERIN E. RUTHERFORD
        Special Assistant Attorney General
        Mississippi Bar No. 104256
        STATE OF MISSISSIPPI
        OFFICE OF THE ATTORNEY GENERAL
        Post Office Box 220
        Jackson, Mississippi 39205-0220
        Telephone: 601.359.3680
        Email: Erin.Rutherford@ago.ms.gov

*Counsel for Respondent*

## CERTIFICATE OF SERVICE

I, Erin E. Rutherford, certify that I have electronically filed this document with the Clerk of the Court using the ECF system, which sent notification to United States Magistrate Judge LaKeysha Greer Isaac, and have mailed this document, via U.S. Mail, postage pre-paid, to the following:

>Michael Blaine Ardizone
>Pike County Jail
>2109 Jesse Hall Memorial Road
>D Block
>Magnolia, MS 39652

THIS, the 11th day of September, 2023.

>/s/ *Erin E. Rutherford*
>ERIN E. RUTHERFORD
>
>*Counsel for Respondent*