## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**MICHAEL BLAINE ARDIZONE**                                    **PETITONER**

**V.**                                    **CIVIL ACTION NO. 5:23-cv-58-DCB-LGI**

**WARDEN HERBERT YOUNG**                                    **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before this Court is pretrial detainee Michael Ardizone's petition for writ of habeas corpus relief under 28 U.S.C. § 2241.  Ardizone alleges that his constitutional rights to counsel and a speedy trial have been violated.  In pre-trial dentition since his arrest for drug possession in May 2022, Ardizone requests that this court assist him in obtaining his freedom immediately.[1]  Respondents move to dismiss the petition for failure to state a claim upon which relief may be granted, or in the alternative, for failure to exhaust state court remedies.  Upon review of the pleadings and applicable case law, the undersigned recommends that the petition be dismissed.

For a court to review the claims of a state pretrial detainee under § 2241, two prerequisites must be met.  The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).  Although exhaustion of

---

[1] Ardizone also makes a generalized request that this Court "look into the reason why so many other citizens in this jail are blatantly being denied their constitutional rights," but he lacks standing to pursue such a generalized claim. *Whitmore v. Arkansas,* 495 U.S. 149, 159–61, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).

state remedies is not mandated for pretrial claims under § 2241, well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas corpus claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

Moreover, while a pretrial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Jud. Cir. Ct. of Ky.,* 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. To the contrary, a pretrial detainee may not derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). The Fifth Circuit has held that this distinction rests on the type of relief requested by the petitioner: If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings. *Id.* at 1282. If he is attempting to force the state to go to trial, then he is merely seeking to force the state to fulfill its obligation to provide him with a

prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id*. at 1283.

At the time of filing his 2241 petition, state court records show that a preliminary hearing had been held with defense counsel present, a bond had been set, and Ardizone's case had been "bound over" to the ground jury. Since filing, records produced in response to this court's orders to provide an update on state court proceedings show that Ardizone has been indicted, waived arraignment, engaged in plea negotiations with court appointed counsel, and, most recently, released on a personal recognizance bond. Ardizone has confirmed his release by filing a notice of change of address with the Court, and Respondent advises that a trial date is currently set for September 4, 2024.

As a threshold matter, Ardizone's release on bond pending trial renders his petition moot. Although he continues to be "in custody" for purposes of § 2241 while on bond, he has been released from pre-trial detention as requested. *McNeil v. Mason*, No. 3:19cv13-DPJ-FKB, 2020 WL 898513, at *1 (S.D. Miss. Jan. 29, 2020) (finding that § 2241 petition was moot where the petitioner sought immediate release on bond and was released on a personal recognizance bond while petition was pending), *rec. adopted*, 2020 WL 888052 (S.D. Miss. Feb. 24, 2020); *Ford v. Mason*, No. 3:18cv546 HTW-LRA. *Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) ("[A]n action is moot when the court cannot grant the relief requested by the moving party."); *Reed v. Sollie*, Civil Action No. 3:17cv604-TSL-LRA, 2018 WL 1023762 (S.D. Miss. Feb. 22, 2018)(dismissing § 2241 petition brought by pre-trial detainee seeking release

3

from custody and enforcement of right to speedy trial; noting that petitioner continued to satisfy § 2241's "in custody" requirement despite his release on bond);*Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (finding § 2241 petition moot where prisoner who asked to be released from confinement was released from confinement).

To the extent, however, his request is construed as an attempt to prevent the State from following through with prosecution, he fails to state a claim upon which 28 U.S.C. § 2241 relief may be granted. Moreover, although Ardizone appears to invoke his right to a speedy trial, he does not assert, nor does the record reflect, "special circumstances" warranting pretrial, pre-exhaustion habeas corpus relief during the pendency of his ongoing state court proceedings. The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson*, 816 F.2d at 227. Ardizone must also overcome the hurdles of exhaustion before requesting federal relief. *Brown*, 530 F.2d at 1283. He has not done so. Nothing of record reflects that Ardizone has filed a motion for speedy trial; his trial is currently set for September 2024. *See, e.g., Dickerson,* 816 F.2d at 228–29 (five-year delay in bringing the petitioner to trial did not present the required showing of special circumstances for pretrial habeas review).

For these reasons, the undersigned recommends that Respondent's motion be granted, and the petition be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*,

any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on May 31, 2024.

s/ LaKeysha Greer Isaac_____
UNITED STATES MAGISTRATE JUDGE